## BLUE DIAMOND MOTOR BUS COMPANY et al., Appellants, v. R. L. HALE et ux., Appellees.

### No. 8248.

Court of Civil Appeals of Texas. Austin.
Sept. 25, 1935.

L. S. Stemmons, of Dallas, and Thos. C. Ferguson, of Burnet, for appellees.

BLAIR, Justice.

In this cause appellees have filed their remittitur of judgment, remitting to the appellants the sum of $1,008, to be credited on the judgment of $2,508 herein rendered, thus leaving a balance due on said judgment of $1,500. In consideration of said remittitur, appellants have agreed that the judgment may be reformed and affirmed for the sum of $1,500 and costs of suit. Accordingly, the judgment herein is reformed and affirmed in favor of appellees against appellants for the sum of $1,500 and costs of suit.

Reformed and affirmed.

## Ada MORRIS v. WATCHTOWER MUTUAL LIFE INSURANCE COMPANY.

### No. 2826.

Court of Civil Appeals of Texas. Beaumont.
Oct. 10, 1935.

Lawler & Wood and W. E. Dyche, Jr., all of Houston, for defendant in error.

WALKER, Chief Justice.

This appeal was prosecuted from a judgment of the county court at law of Harris County to the Galveston Court of Civil Appeals, and transferred to this court by orders of the Supreme Court.

On the 30th day of May, 1932, appellee issued its policy of life insurance in the sum of $500 to Wm. R. Morris, who died on July 25, 1932. In this policy appellant, the wife of Wm. R. Morris, deceased, was named beneficiary. This suit was instituted by her as beneficiary against appellee for the amount of the policy. In answer to her petition appellee pleaded specially the following conditions of the policy: "Preliminary Provision—This policy shall not take effect if the insured dies before the date hereof or if on such date the insured be not in sound health, but in either event the premiums paid hereon, if any, shall be returned."

On trial to the court without a jury, it was found that the insured was not "in sound health" on the date of the policy, and, on that finding, judgment was entered against appellant that she take nothing by her suit except the sum of $3.85 tendered by appellee in connection with its answer as the amount of premiums paid by the insured on the policy. Conclusions of law and fact were filed in support of the judgment.

The fact conclusions have abundant support in the evidence, and all propositions attacking them as being without support are overruled.

We have given careful consideration to all of appellant's assignments and propositions, and, as they are without merit, the judgment of the lower court is in all things affirmed.

Affirmed.